Baumbauer *v.* The State.

---

No. 9637.

BAUMBAUER *v.* THE STATE.

APPEAL FROM MAYOR OR JUSTICE.—*Appeal Bond.*—*Appellant's Instructions.*—In criminal causes before a mayor or justice of the peace, the defendant's appeal bond, although filed in time, will not constitute an appeal, where, at the time of filing such bond, the defendant instructs the mayor or justice to delay the filing of the transcript in the circuit

court until further orders from him. In such a case, where the transcript shows the defendant's further orders were not given within thirty days next after the trial, the appeal may be dismissed.

From the Wabash Circuit Court.

*A. Hess, C. E. Cowgill* and *H. B. Shiveley,* for appellant.

*D. P. Baldwin,* Attorney General, and *M. Good,* Prosecuting Attorney, for the State.

HOWK, C. J.—On the 31st day of December, 1880, an affidavit was filed before the mayor of the city of Wabash, charging the appellant and another with the unlawful sale of intoxicating liquor, to wit, one gill, for the price of five cents, to a certain named person, who was then and there under the age of twenty-one years. Upon this affidavit, on the 3d day of February, 1881, the appellant was tried before said mayor, found guilty as charged and adjudged to pay a fine in the sum of ten dollars, and the costs of suit. On the 3d day of March, 1881, the appellant filed his bond with approved security, for an appeal to the court below; and on the 19th day of April, 1881, the mayor of said city filed with the clerk of the circuit court the appellant's said bond, together with a transcript of the proceedings, and all papers in the case.

Afterwards, on the 28th day of April, 1881, on motion of the appellee, by its attorney, the court dismissed the appeal herein, because such appeal was not taken within thirty days next after the trial; to which decision of the court the appellant excepted, and filed his bill of exceptions.

The decision of the court, dismissing his appeal, is the only error assigned by the appellant, in this court. Did the trial court err in sustaining the appellee's motion to dismiss the defendant's appeal from the judgment of the mayor? This is the only question in this case for the decision of this court. The appellee's motion was not founded upon, nor supported by, any affidavit; but it is manifest; that the

State rested its motion to dismiss the appeal, upon certain proceedings set out in the transcript, and certified by the mayor as a part of the proceedings had before him, in this cause. The proceedings referred to, as they appear in the mayor's transcript copied into the record, were in the words and figures following, to wit:

"And on this 3d day of March, 1881, defendant files his bond in the sum of $50 for an appeal to the Wabash Circuit Court, with John Baumbauer, as surety therein, in these words, to wit:" (And here follows a copy of the bond.)

"Which bond is now approved; and defendant, at the same time, instructs me not to send up transcript of this judgment to said circuit court until further orders from him.

(Signed) "WILLIAM L. RUSSELL,

"J. P. and Acting Mayor."

"And now, on this 18th day of April, 1881, defendant instructs me to send up transcript of this judgment to the Wabash Circuit Court, under his appeal bond heretofore filed, which is done accordingly.

(Signed,) "C. S. PARRISH, Mayor."

Are the proceedings above set out such as the mayor might properly enter upon his docket as a part of the proceedings in this cause? If they were, then the mayor was required by the statute to file a transcript of such proceedings in the circuit court, upon the appeal thereto; and the appellee might well found its motion to dismiss this appeal upon such proceedings as a part of the record, and the court might well look to and act upon the same in deciding such motion. In the 5th section of the act of May 29th, 1852, prescribing the powers and duties of justices in State prosecutions, they are required to docket such causes in the same manner as in civil cases. 2 R. S. 1876, p. 670. In section 17 of the general law of March 14th, 1867, for the incorporation of cities, under which it must be presumed, in the absence of anything appearing to the contrary, that the city

of Wabash was incorporated, the mayor of such a city has conferred upon him the powers and duties of a justice of the peace, in State prosecutions. 1 R. S. 1876, p. 272. In section 18 of the act of June 9th, 1852, defining the powers and duties of justices, in civil cases, it is made the duty of a justice to "record the proceedings in full, of all suits instituted before him," upon his docket. 2 R. S. 1876, p. 608. We are of the opinion, therefore, that the proceedings above set out were proper parts of the record of the mayor of the proceedings had before him in this prosecution, and, as such, they were properly entered of record on the mayor's docket. Such being the case, it became the mayor's duty, when the appeal was taken in this cause to the circuit court, to forthwith file the defendant's appeal bond, "together with a transcript of the proceedings, and all papers in the case," with the clerk of said circuit court. 2 R. S. 1876, p. 671, sec. 12. It follows, therefore, as it seems to us, that the appellee's attorney was authorized to move for the dismissal of the appeal, in this cause, upon the facts shown by the proceedings above set out, and certified by the mayor as parts of the transcript of the proceedings had before him in this prosecution; and that the facts thus shown fully authorized the court to sustain said motion and dismiss said appeal, upon the ground that the appeal was not taken, as the statute requires, "within thirty days next after the trial." 2 R. S. 1876, p. 670, sec. 10.

Although the appellant left his bond for an appeal within thirty days next after the trial, with the mayor, yet the proceedings above set out show very clearly, we think, that no appeal was then taken, nor intended to be taken, until such time as the mayor should receive further orders and instructions from the appellant. These further orders were not given or received until the 18th day of April, 1881, or seventy-four days next after the trial; and if, on that day, the appellant had instructed the mayor *not* to send up the tran-

script at all, it could not be said that any appeal had in fact ever been taken. Our conclusions are that the appeal in this case was not taken until the 18th day of April, 1881, that this fact was properly shown by the mayor's transcript of the proceedings before him, and that the court committed no error in dismissing said appeal.

The judgment is affirmed, at the appellant's costs.